[No. 9611.   Department One.— September 28, 1886.]

# B. CROGHAN, RESPONDENT, *v.* RICHARD SPENCE, APPELLANT.

STATUTE OF LIMITATIONS — QUIETING TITLE — TRUSTEE. — In an action to quiet title to land, the right of the defendant to charge the plaintiff as trustee of the land for his benefit on the ground of fraud, *held*, barred by the statute of limitations.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.

The action was brought to quiet the title of the plaintiff to the premises in controversy against an adverse claim asserted thereto by the defendant. The defendant in his answer denied that the plaintiff was the owner of the land, and pleaded an adverse possession thereof for more than five years, and by way of cross-complaint alleged that he was the equitable owner of the premises, and asked that the plaintiff be decreed to hold the legal title in trust for him. The cross-complaint alleged in substance that the defendant was entitled in equity to enter the land under the pre-emption and homestead laws of the United States, but that one D. W. Minor, under whom the plaintff holds the legal title, by fraud and without notice to the defendant, obtained a patent there-

for on the 5th of January, 1876.   It was further alleged
that the plaintiff acquired his title with notice of the
equities of the defendant.   The action was commenced
on the 13th of January, 1883.   The court found that the
defendant had full knowledge of the alleged fraud of
Minor in obtaining the patent for more than four years
before the commencement of the action.   The further
facts-are-stated in the opinion of the court.

*J. D. H. Chamberlin,* for Appellant.

*J. J. De Haven,* for Respondent.

The COURT.—There was no evidence of an actual ad-
verse possession by defendant of any part of the premises
described in the complaint.   The finding against the
defendant on his plea of the statute of limitation was
proper.

To the cross-complaint of the defendant the plaintiff
pleaded in bar sections 343 and 338 of the Code of Civil
Procedure.

For all purposes necessarily involved in the disposi-
tion of this case it may be conceded that defendant is
entitled to a decree against the plaintiff—charging him
as trustee of the legal title for defendant's benefit—if
the defendant would have been entitled to a like decree
against Minor, the grantor of plaintiff, had Minor not
parted with his title.

The defendant's cause of action against plaintiff, if
any he has had, arose, at the latest, August 13, 1877,
when the commissioner of the general land-office ad-
judged (in the language of appellant's brief) that defend-
ant "had the better right to pre-empt the land and that
Minor had acquired his patent by fraud and perjury."
That was more than five years before the present action
was commenced, and nearly six years before the defend-
ant herein filed his cross-complaint.

If the cross-complaint be treated as a bill for relief on

the ground of fraud, the facts constituting the alleged fraud were known to the defendant long before the adjudication by the commissioner of the general land-office above mentioned.

Whether, therefore, the four years' limitation of section 343, or the three years' limitation of 338 of the Code of Civil Procedure applies, the cause of action set forth in the cross-complaint was barred.

Judgment and order affirmed.